```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
BRIAN HORVATH,                             :        ECF CASE

                    Plaintiff,             :   04 Civ. 9207 (WCC)

        - against -                        :

SUSIE DANIEL, RN, BSN; ANJAN               :
BHATTACHARYYA, M.S.; DR. JOHN DOE #1;
DR. JOHN DOE #2; JANE DOE #1; JANE DOE     :
#2; and COUNTY OF ROCKLAND,
                                           :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - X        OPINION
BRIAN HORVATH,                             :        AND ORDER

                    Plaintiff,             :   05 Civ. 6275 (WCC)

        - against -                        :

MICHAEL ANTOINE, M.D.; DR. JOHN DOE;       :
and LYNDA KELLY,
                                           :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                        CRAIG J.J. SNYDER P.C.
                                        **Attorneys for Plaintiff**
                                        17 Grandview Street
                                        East Stroudsburg, PA 18301

CRAIG J.J. SNYDER, ESQ.

       Of Counsel


                                        SARETSKY KATZ DRANOFF & GLASS,
                                          L.L.P.
                                        **Attorneys for Defendants**
                                        475 Park Avenue South
                                        New York, NY 10016

ERIC DRANOFF, ESQ.

       Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Brian Horvath brings this § 1983 claim for deliberate indifference and cruel and unusual punishment in violation of the Eight Amendment as well as claims for medical malpractice and negligence against the County of Rockland (the "County") and individual unnamed correctional facility physicians, nurses and managers (collectively "defendants"). Defendants now move to dismiss the consolidated action pursuant to FED. R. CIV. P. 12(c) and 12(b)(6) because plaintiff has failed to comply with N.Y. County Law § 52 and N.Y. Gen. Mun. Law §§ 50-d, 50-e and 50-i by filing a Notice of Claim with the County. Plaintiff has cross moved to amend the Complaint to comply with N.Y. Gen. Mun. Law § 50-e. For the reasons stated herein, defendants' motions to dismiss and for judgment on the pleadings are denied, and plaintiff's motion to amend is denied as moot.

## BACKGROUND

Plaintiff was incarcerated at Rockland County Correctional Center ("RCCC" or the "Center") on October 30, 2003. (Complt. ¶ 13.) On December 28, 2003, he suffered an injury to his left eye and sought treatment at RCCC's medical facility, complaining of pain and vision loss in his left eye. (*Id.* ¶¶ 14, 15.) He was treated by nurses and physicians at RCCC on the date of his injury and on subsequent dates. (Horvath Aff. ¶ 5.) Plaintiff allegedly complained on numerous occasions between December 28, 2003 and January 20, 2004 to RCCC employees and agents that he was suffering pain and vision loss in his left eye but was not brought to a specialist. (Complt. ¶ 27.) Specifically, he complained to a corrections officer he knew as "Sergeant Volpe," who suggested he write to Nurse Administrator Susie Daniel and the County Attorney, among others. (Horvath Aff.

1

¶¶ 9, 11, 13.) Plaintiff claims that he wrote such letters and believes they included his name, address, the nature of his injury and RCCC's alleged failure to have him examined by an eye doctor; however, he does not believe the letters referred to damages. (*Id.* ¶ 14.) Defendants deny receiving these letters. (Daniel Aff. ¶¶ 2, 3; DeStefano Aff. ¶¶ 2, 3.) Plaintiff did not see an ophthalmologist until January 26, 2004, and, as a result, he allegedly suffered permanent vision loss in his left eye. (Horvath Aff. ¶¶ 7, 8.)

Plaintiff commenced this action on November 19, 2004. The original action was filed against Susie Daniel, RN, BSN; Anjan Bhattacharyya, M.S.; Dr. John Doe Number One; Dr. John Doe Number Two; Jane Doe Number One; Jane Doe Number Two and the County. Plaintiff eventually learned the names of one of the Dr. John Doe defendants and one of the Jane Doe defendants, Michael Antoine, M.D. and Lynda Kelly. (Pl. Mem. Opp. Mot. Dismiss at 3.) He commenced a second action on July 8, 2005 against them. (*Id.*) The parties consolidated these two actions by stipulation dated September 9, 2005. (*Id.*)

## DISCUSSION

### I. Motion to Dismiss Standard of Review

On a motion to dismiss, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980)). Generally, "[c]onclusory allegations or legal

2

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances on which plaintiff relies are insufficient as a matter of law. *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

On a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(c), a court must accept as true all of the well pleaded facts and consider those facts in the light most favorable to the plaintiff. *See* FED. R. CIV. P. 12(b)(6), 12(c); *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998) (stating that "[t]he test for evaluating a 12(c) motion is the same as that applicable to a motion to dismiss under FED. R. CIV. P. 12(b)(6)). The complaint need not set forth all the evidence supporting the claim; it need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 514 (2002). Furthermore, in assessing the legal sufficiency of a claim, the court may consider only the facts alleged in the complaint, and any document attached as an exhibit to the complaint or incorporated in it by reference. *See* FED. R. CIV. P. 10(c); *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999) (citations omitted).

## II. Applicability of the General Municipal Law

New York County Law § 52 provides that in order to maintain an action for damages against "the county, its officers, agents, servants or employees," the plaintiff must comply with N.Y. Gen. Mun. Law § 50-e. Section 50-e requires that a Notice of Claim be filed within ninety days of the

3

incident giving rise to the claim. Under § 50-i of the General Municipal Law, unless the plaintiff has complied with the Notice of Claim requirement, the action cannot commence.

Plaintiff alleges that the letters he mailed to County officials, including the Nurse Administrator and the County Attorney, between December 28, 2003 and January 20, 2004 may comply with the requirements of § 50-e. (Pl. Mem. Opp. Mot. Dismiss at 11.) Accordingly, he seeks to amend his Complaint to allege that he is in compliance with this provision. (*Id.* at 8.) Plaintiff claims that these letters contained information such as his name, address, factual details regarding the nature of his injuries and when the incidents occurred that "generally satisfies the content requirements set forth in New York General Municipal L[aw] § 50(e)(2)." (*Id.*) Plaintiff further asserts that these letters complied with the time requirements of § 50-e because the letters were filed within ninety days of the incidents and at least thirty days elapsed after the letters were written and before the filing of the Complaint on November 19, 2004. (*Id.*)

Regardless, both parties' arguments are inapplicable to the present action which is brought under § 1983. Courts in this Circuit have repeatedly held that "[t]he notice of claim requirement is not applicable to federal claims under section 1983." *Wray v. City of New York*, 340 F. Supp. 2d 291, 305 (E.D.N.Y 2004). The Supreme Court, in addressing state notice of claim requirements in § 1983 actions, has stated:

> Although we have never passed on the question, the lower federal courts have all, with but one exception, concluded that notice-of-claim provisions are inapplicable to § 1983 actions brought in federal court. These courts have reasoned that . . . the absence of any notice-of-claim provision is not a deficiency requiring the importation of such statutes into the federal civil rights scheme . . . . Notice-of-claim provisions . . . are neither universally familiar nor in any sense indispensable prerequisites to litigation, and there is thus no reason to suppose that Congress intended federal courts to apply such rules, which "significantly inhibit the ability to bring federal actions."

4

*Felder v. Casey*, 487 U.S. 131, 140 (1988) (internal citations omitted). The Court reasoned that this requirement placed a burden on the plaintiff that "is inconsistent in both design and effect with the compensatory aims of the federal civil rights laws." *Id.* at 141.

As Horvath has raised a § 1983 claim in federal court, he is not required to comply with notice-of-claim requirements set forth in the General Municipal Law. Therefore, defendants' motions are denied and plaintiff's motion to amend his Complaint to conform with these requirements is denied as moot.

## CONCLUSION

For all of the foregoing reasons, the motions of defendants Susie Daniel, Anjan Bhattacharyya, Michael Antoine, Lynda Kelly, Dr. John Doe Number Two, Jane Doe Number Two, and the County of Rockland to dismiss and for judgment on the pleadings are denied, and plaintiff Brian Horvath's motion to amend is denied as moot.

SO ORDERED.

Dated: White Plains, New York
      January 9, 2006

*William C. Conner*
Sr. United States District Judge

5