```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
BRIAN HORVATH,                             :        ECF CASE

                        Plaintiff,         :        04 Civ. 9207 (WCC)

        - against -                        :

SUSIE DANIEL, RN, BSN; ANJAN               :
BHATTACHARYYA, M.S.; DR. JOHN DOE #1;
DR. JOHN DOE #2; JANE DOE #1; JANE DOE     :
#2; and COUNTY OF ROCKLAND,
                                           :
                        Defendants.
- - - - - - - - - - - - - - - - - - - - - X        OPINION
BRIAN HORVATH,                             :        AND ORDER

                        Plaintiff,         :

        - against -                        :

MICHAEL ANTOINE, M.D.; DR. JOHN DOE;       :
and LYNDA KELLY,
                                           :
                        Defendants.
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                                  CRAIG J.J. SNYDER P.C.
                                                  **Attorneys for Plaintiff**
                                                  17 Grandview Street
                                                  East Stroudsburg, PA 18301

CRAIG J.J. SNYDER, ESQ.

       Of Counsel


                                                  SARETSKY KATZ DRANOFF & GLASS,
                                                    L.L.P.
                                                  **Attorneys for Defendants**
                                                  475 Park Avenue South
                                                  New York, NY 10016

ERIC DRANOFF, ESQ.

       Of Counsel

**Copies E-Mailed to Counsel of Record**

**CONNER, Senior D.J.:**

Plaintiff Brian Horvath brings this § 1983 claim for deliberate indifference and cruel and unusual punishment, in violation of the Eighth Amendment, as well as claims for medical malpractice and negligence against the County of Rockland (the "County") and individual unnamed correctional facility physicians, nurses and managers (collectively "defendants"). Defendants moved to dismiss the consolidated action pursuant to FED. R. CIV. P. 12(c) and 12(b)(6) because plaintiff failed to comply with N.Y. COUNTY LAW § 52 and N.Y. GEN. MUN. LAW §§ 50-d, 50-e and 50-i by filing a Notice of Claim with the County. Plaintiff cross-moved to amend the Complaint to comply with N.Y. GEN. MUN. LAW § 50-e. By Opinion and Order, dated January 9, 2006, this Court denied defendants' motions and plaintiff's motion as moot because the Notice of Claim requirements are not applicable to federal claims under § 1983. *Horvath v. Daniel*, No. 04 Civ. 9207, 2006 WL 47683 (S.D.N.Y. Jan. 9, 2006) (Conner, J.). Defendants then made a motion to reargue, which this Court granted. Defendants have clarified that they are only seeking dismissal of the state law claims for failure to comply with the Notice of Claim requirements, and plaintiff's have again sought to amend the Complaint to comply with the Notice of Claim requirements. For the reasons stated herein, plaintiff's state law claims are dismissed without prejudice.

**BACKGROUND**

The facts of this case are set forth extensively in our previous opinion, familiarity with which is presumed. *See Horvath*, 2006 WL 47683.

**DISCUSSION**

Where, as here, a responsive pleading has been filed, Rule 15(a) allows a party to amend its pleading "only by leave of court or by written consent of the adverse party." However the rule mandates that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Accordingly, the Supreme Court has ruled that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant leave to amend is within the sound discretion of the district court. *Id.*

The Second Circuit and this Court have interpreted the *Foman* standard to allow amendments, even if there was substantial delay in seeking the same, unless the movant has acted in bad faith, the amendment will prejudice the nonmovant, or the amendment is futile. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (noting that a motion to amend should be denied only for undue delay, bad faith, futility or prejudice to opposing party; mere delay alone, absent a showing of bad faith or prejudice, is not grounds for denial of leave to amend) (citations omitted); *Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F. Supp. 297, 300 (S.D.N.Y. 1991) (Conner, J.) (recognizing that leave to amend should be given unless the motion for leave is the product of bad faith or dilatory motive, or amendment will prejudice adversary or be futile). "In this Circuit, an amendment is considered futile if the amended pleading fails to state a claim, or would be subject to a motion to dismiss on some other basis." *Tri-State Judicial Servs., Inc., v. Markowitz*, 624 F. Supp. 925, 926 (E.D.N.Y. 1985) (internal citations omitted). In evaluating

futility, all well-pleaded allegations are accepted as true, and all inferences are drawn in favor of the pleader. *See Savitsky v. Mazzella*, No. 98 Civ. 9051, 2004 WL 2454120, at *3 (S.D.N.Y. Nov.1, 2004) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993)). The decision of whether to grant leave to amend is within the sound discretion of the district court. *Foman*, 371 U.S. at 182.

NEW YORK COUNTY LAW § 52 provides that in order to maintain an action for damages against "the county, its officers, agents, servants or employees," the plaintiff must comply with N.Y. GEN. MUN. LAW § 50-e. Section 50-e requires that a Notice of Claim be filed within ninety days of the incident giving rise to the claim. A plaintiff must plead in the complaint that: (1) the Notice of Claim was served; (2) at least thirty days has elapsed since the Notice of Claim was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim. *See* N.Y. GEN. MUN. LAW § 50-i. Under § 50-i, unless the plaintiff has complied with the Notice of Claim requirement, the action cannot commence. "Notice of claim requirements are construed strictly by New York state courts." *AT&T v. N.Y. City Dep't of Human Res.*, 736 F. Supp. 496, 499 (S.D.N.Y. 1990). "Absent a showing of such a Notice of Claim, the complaint may be dismissed for failure to state a cause of action." *Brown v. Metro. Transp. Auth.*, 717 F. Supp. 257, 259 (S.D.N.Y. 1989) (citing *Wrenn v. N.Y. City Health & Hosps. Corp.*, 104 F.R.D. 553, 557 (S.D.N.Y. 1985)). The burden is on the plaintiff to demonstrate compliance with the Notice of Claim requirement. *Rattner v. Planning Comm'n of Vill. of Pleasantville*, 156 A.D.2d 521, 548 N.Y.S.2d 943 (2d Dep't 1989).

As an initial matter, plaintiff, in his papers, challenges whether NEW YORK COUNTY LAW § 52 and NEW YORK GENERAL MUNICIPAL LAW § 50-d requiring Notice of Claim are applicable.

3

However, plaintiff is bringing a cause of action against the County and a number of individuals allegedly employed by the County. (Complt. ¶¶ 6-12.) Therefore, he must comply with these provisions.

In support of his motion, plaintiff asserts that he mailed letters to County officials, including the Nurse Administrator and the County Attorney, between December 28, 2003 and January 20, 2004,[1] and that these letters comply with the requirements of § 50-e.[2] (Pl. Mem. Opp. Mot. Dismiss at 11.) Accordingly, plaintiff seeks to amend his Complaint to allege that he is in compliance with this provision. (*Id.* at 8-12.) Defendants assert, with supporting affidavits, that no Notice of Claim was ever received and none can be found in their files (Defs. Reply Mem. Supp. Mot. Dismiss at 3; Huslinger Aff. ¶¶ 3, 5) and that they have no record of receiving such letters. (Daniel Aff. ¶ 3; DeStefano Aff. ¶ 3; Huslinger Aff. ¶¶ 4-5.)

We deny plaintiff's motion for leave to amend the counterclaim because the proposed amendments would be futile. *See Ellis v. Chao*, 336 F.3d 114, 126 (2d Cir. 2003) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile."). Even if plaintiff were permitted to amend the Complaint to allege that he mailed one or more letters

---

[1] Both parties deny having the letters or copies thereof and each has unsuccessfully sought to obtain the letters or copies from the other through discovery. (Pl. Mem. Opp. Mot. Dismiss at 11-12; Defs. Reply Mem. Supp. Mot. Dismiss at 3.)

[2] Plaintiff claims that these letters contained information such as his name, address, factual details regarding the nature of his injuries and when the incidents occurred, and "generally satisf[y] the content requirements set forth in New York General Municipal L[aw] § 50(e)(2)." (Pl. Mem. Opp. Mot. Dismiss at 11.) Plaintiff further asserts that these letters complied with the time requirements of § 50-e because the letters were filed within ninety days of the incidents and at least thirty days elapsed after the letters were written and before the filing of the Complaint on November 19, 2004. (*Id.*) However, he acknowledges that he failed to send the letters via certified mail because of his incarceration. (Pl. Reply Mem. Supp. Mot. Amend at 5-6.)

4

giving notice of his claim, he could apparently produce no evidence other than his own word that he had done so. That testimony would be contradicted by the testimony of a number of County officials, supported by the documentary record. Moreover, even if the trier of fact believed plaintiff's testimony, there would still be no assurance that the letter complied with the stringent Notice of Claim requirements of the statute. Therefore, it is futile to allow plaintiff to amend his complaint and his motion to amend is denied.

A plaintiff who fails to comply with the Notice of Claim requirement within the statutory time period may file a late Notice of Claim under N.Y. GEN. MUN. LAW § 50-e(5). The statute makes clear that "[*a*]*ll* applications under this section *shall* be made to the supreme court or to the county court." N.Y. GEN. MUN. LAW § 50-e(7) (emphasis added). Accordingly, federal district courts are without jurisdiction to hear these applications. *Jewel v. City of New York*, No. 94 Civ. 5454, 1995 U.S. Dist. LEXIS 2282, at *4 (S.D.N.Y. Mar. 1, 1995). "The precise wording of N.Y. GEN. MUN. LAW § 50-e(7) suggests that [federal district courts] do not have jurisdiction over the application for the filing of a late notice of claim." *Brown*, 717 F. Supp. at 260 ("Until the state legislature amends § 50-e(7) to include federal trial courts, we have no choice but to dismiss for lack of jurisdiction plaintiff's application to file a late notice of claim or to have his notice of claim deemed timely filed.").

Although we retain jurisdiction over plaintiff's § 1983 action, we lack authority to permit plaintiff to file a late Notice of Claim and therefore dismiss plaintiff's state law claims without prejudice. *Id.* Plaintiff will have thirty days to notify the Court whether he intends to seek in state court leave to file a late Notice of Claim. If so, in the interest of judicial economy, the case will be held in abeyance pending action by the State Court. Should plaintiff obtain leave from the State

Court to file a late Notice of Claim, he may then renew his motion for leave to amend his Complaint in this action to assert the state law claims.

## CONCLUSION

For the foregoing reasons, plaintiff Brian Horvath's motion to amend is denied and his state law claims are dismissed without prejudice. Plaintiff has thirty days to notify this Court whether he will apply to the appropriate New York State Court for leave to file a late Notice of Claim. If he does so apply, this action will be held in abeyance pending action by the State Court.

SO ORDERED.

Dated: White Plains, New York
April 7, 2006

*William C. Conner*
Sr. United States District Judge